**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION**

| | |
|---|---|
| In re:<br><br>DCA Outdoor, Inc., et al.,[1]<br><br>                Debtors. | Case No. 25-50053-11<br>CHAPTER 11<br><br>(Jointly Administered) |

**ORDER, UNDER SECTIONS 105(a), 363 AND 364 OF THE BANKRUPTCY CODE, AUTHORIZING DEBTORS AND DEBTORS IN POSSESSION TO: (I) MAINTAIN, CONTINUE AND RENEW THEIR PROPERTY, CASUALTY, LIABILITY, WORKERS' COMPENSATION AND OTHER INSURANCE PROGRAMS, POLICIES AND AGREEMENTS; AND (II) HONOR CERTAIN PREPETITION OBLIGATIONS IN RESPECT THEREOF**

The matter before the Court is the Motion of the Debtors and Debtors in Possession, Under Sections 105(a), 363 and 364 of the Bankruptcy Code, for Interim and Final Orders Authorizing Debtors and Debtors in Possession to: (I) Maintain, Continue and Renew Their Property, Casualty, Liability, Workers' Compensation and Other Insurance Programs, Policies and Agreements; and (II) Honor Certain Prepetition Obligations in Respect Thereof (the "Motion") [Doc. No. 25][2]. The Court has reviewed the Motion and the First Day Declaration [Doc. No. 21] and has considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court on February 27, 2025 (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court under 28 U.S.C. §§ 1408 and

---

[1] The other Debtors in these Chapter 11 cases are as follows, with the last four digits of their respective EINs: Anna Evergreen, LLC (2226); Brehob Nurseries, LLC (3791); Colonial Farms, LLC (3736); Colonial Gardens Developments, LLC (2413); Colonial Gardens, LLC (9612); DCA Land Holding Company, LLC (4280); DCA Land Illinois, LLC (1397); DCA Land Indiana, LLC (4848); DCA Land Kansas, LLC (8049); DCA Land Kentucky, LLC (4280); DCA Land Missouri, LLC (6728); DCA Land Oregon, LLC (6830); KAT Nurseries, LLC (4682); PlantRight Supply, LLC (3464); Schwope Brothers Tree Farm, LLC (6725); Schwope Brothers West Coast, LLC (2354); Utopian Plants Indiana, LLC (8385); Utopian Transport, LLC (3456); Utopian Trees, Inc. (3868). Debtors' corporate headquarters and service address for these Chapter 11 cases is 5840 NW Prairie View Road, Kansas City, Missouri 64151.

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

1409; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) Debtors have represented that adequate and proper notice of the Motion has been given and that no other or further notice need be given under the circumstances; (v) the relief requested in the Motion is in the best interests of Debtors and their estates and creditors; (vi) the relief requested in the Motion is an exercise of Debtors' reasonable business judgment; (vii) sound business reasons exist justifying the relief granted in this Order, including the payment, in Debtors' and their CRO's discretion, of the Insurance Obligations and the Workers' Compensation Liabilities, and such payments are necessary and appropriate to prevent immediate and irreparable harm to Debtors' business operations and will serve to preserve and maximize the Debtors' estates for the benefit of stakeholders; (viii) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it is applicable; and (ix) the legal and factual bases set forth in the Motion, First Day Declaration and at the Hearing establish just cause for the relief granted herein.

THEREFORE, IT IS ORDERED AS FOLLOWS:

1. Under to sections 105(a), 363 and 364 of the Bankruptcy Code, the Motion is GRANTED to the extent set forth herein.
2. Debtors are authorized, but not directed, in their and their CRO's reasonable discretion to maintain, obtain, continue, supplement, amend, extend, renew and/or replace their Insurance Policies and their Workers' Compensation Program.
3. Debtors are authorized, but not directed, in their and their CRO's reasonable discretion, and in accordance with, and subject to, the then-applicable order governing Debtors' use of cash collateral, including the budget approved thereunder (if any), to pay the following amounts owed as of the Petition Date: (a) the Insurance

Obligations and (b) the Workers' Compensation Liabilities (including, but not limited to, the Workers' Compensation Insurance Premiums, the Workers' Compensation Claims, the Workers' Compensation Administrative Fees and any obligations owed to Insurance Carriers or Third Party Administrators with respect to the Workers' Compensation Program, including, but not limited to, the payment/reimbursement of any amounts within deductibles pursuant to the Workers' Compensation Program).

4. The automatic stay under section 362 of the Bankruptcy Code is modified, if and to the extent applicable, to permit (a) employees to proceed with claims under the Workers' Compensation Program, whether arising prior to or subsequent to the Petition Date, in the appropriate judicial or administrative forum; (b) the Debtors' Insurance Carriers and Third Party Administrators providing coverage for any Workers' Compensation Claims to handle, administer, defend, settle and/or pay any Workers' Compensation Claims and (c) the Debtors to pay, in their and their CRO's discretion, all amounts relating to Workers' Compensation Claims and the Workers' Compensation Program.

5. Debtors' Banks are authorized, when requested by Debtors, in Debtors' discretion, to receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by Debtors related to, the Insurance Obligations and the Workers' Compensation Liabilities, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date. The Banks are authorized to rely on Debtors' designation of any particular check or funds transfer as approved by this Order and will have no duty of further inquiry nor any liability for relying on such representations following Debtors' instructions. Notwithstanding

anything to the contrary in the Motion or this Order, (a) this paragraph does not apply to Frontier Farm Credit, FLCA or Frontier Farm Credit, PCA (together, "Frontier"), (b) Debtors acknowledge and agree that Frontier does not constitute and is not considered a "Bank," and (c) Frontier has no obligation, and this Order does not require, compel, or otherwise obligate Frontier, to receive, process, honor, or pay any draft or fund transfer request made by Debtors or any other party for any reason.

6. Nothing contained in the Motion or this Order is intended or should be construed as: (a) an admission as to the validity or priority of any claim against Debtors; (b) a waiver of Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim covered by any Insurance Policy; or (e) a request to assume or reject any executory contract or unexpired lease under section 365 of the Bankruptcy Code. Debtors' or any other party in interest's right to contest any claims related to the Insurance Policies and the Workers' Compensation Program under applicable non-bankruptcy law is expressly preserved.

7. Nothing in this Order (a) alters or amends the terms and conditions of any of the Insurance Policies or the Workers' Compensation Program including, but not limited to, with respect to any Workers' Compensation Claims, any direct action claims against any Insurance Carriers or Third-Party Administrators under applicable non-bankruptcy law or any claim where the claimant has received an order from the Bankruptcy Court granting the claimant relief from the automatic stay: (i) the obligation or right, if any, of any Insurance Carriers or Third-Party Administrators to handle, administer, settle, defend and/or pay any insured claim, (ii) the obligation, if

4

any, of any Insurance Carriers or Third-Party Administrators to pay any amounts within a deductible and the right, if any, of any Insurance Carriers or Third-Party Administrators to seek reimbursement from Debtors therefor, (iii) the obligation, if any, of Debtors to reimburse any Insurance Carriers or Third-Party Administrators for payments within a deductible and defense costs and (iv) the right, if any, of Insurance Carriers and Third-Party Administrators to draw on and apply any letters of credit provided by or on behalf of Debtors to the obligations, if any, in subparagraphs (ii) and (iii) above, if Debtors fail to reimburse the applicable Insurance Carrier or Third-Party Administrator therefor; (b) creates or permits a direct right of action against any Insurance Carriers or Third-Party Administrators; or (c) precludes or limits, in any way, the rights of any Insurance Carriers to contest and/or litigate the existence, primacy and/or scope of available coverage under the Insurance Policies.

8. Nothing in this Order authorizes or approves the payment by Debtors of, and Debtors may not and shall not pay, any Insurance Policies or Workers' Compensation Program amounts, or any amounts related thereto, with respect to any non-Debtor, including without limitation, Plantright, LLC, Valley Hill Tree Farm, LLC, and Rio Verde Holdings, LLC.

9. Nothing in this order waives or releases any claims, defenses, offsets, setoffs, recoupments, equitable rights or any interest of any kind of any party in interest. Nothing in this order will be deemed acknowledgment, consent, acquiescence or establish any course of dealing by any party in interest to: (i) the allocation of cost, expense, charge, fee or any other amount of Debtors as against any party in interest; (ii) any asserted claim or cause of action of any of Debtors or their affiliates, (iii) any

property interest of Debtors in property of the estate for which any party in interest may have title or a property interest; or (iv) any party in interest's rights to seek appointment of a trustee, conversion or dismissal of the above captioned bankruptcies, and all parties in interest reserve all rights regarding all of the above.

Dated:  March 6, 2025
Kansas City, Missouri

                                            /s/ Cynthia A. Norton
                                            THE HONORABLE CYNTHIA A. NORTON
                                            UNITED STATES BANKRUPTCY JUDGE

**Order Prepared and Consented to By:**

LARRY E. PARRES
JOHN J. HALL
LEWIS RICE LLC
600 Washington Ave., Suite 2500
St. Louis, MO 63101
Phone:  (314) 444-7600
Fax:  (314) 612-7635
E-Mail:  lparres@lewisrice.com
           jhall@lewisrice.com


| **Order Consented to By:** | **Order Consented to By:** |
|---|---|
| KUTAK ROCK LLP | UNITED STATES TRUSTEE |
| Lisa M. Peters | Jill Parsons |
| The Omaha Building | 400 E. 9th St., Room 3440 |
| 1650 Farnam Street | Kansas City, MO 64106 |
| Omaha, NE 68102 | Phone: 816-512-1943 |
| Telephone: (402) 346-6000 | Email: jill.parsons@usdoj.gov |
| Facsimile: (402) 346-1148 | |
| Email: | |
| lisa.peters@kutakrock.com | |

ATTORNEYS FOR
FRONTIER FARM
CREDIT, FLCA AND
FRONTIER FARM
CREDIT, PCA