IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERM DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| In re: | Case No. 25-50053-11 |
| | CHAPTER 11 |
| DCA Outdoor, Inc., et al., | |
| | (Jointly Administered ) |
| Debtors[1]. | |

DEBTORS' APPLICATION TO RETAIN AND EMPLOY
GLASSRATNER ADVISORY & CAPITAL GROUP, LLC AS
FINANCIAL ADVISOR EFFECTIVE AS OF SEPTEMBER 11, 2025

COMES NOW DCA Outdoor, Inc., et al, the Debtors and Debtors-in-Possession herein and, pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, 2016, and 5002 submit this Application to employ GlassRatner Advisory & Capital Group, LLC ("GlassRatner")to provide financial advisory services to the Debtors on an interim basis subject to final confirmation on notice to all creditors effective as of September 11, 2025. In support of this Application, the Debtor submits the Declaration of Joseph V. Pegnia, a Senior Managing Director of GlassRatner, attached hereto as **Exhibit A** (the "Pegnia Declaration") and states as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their

---

[1] The other Debtors in these Chapter 11 cases are as follows, with the last four digits of their respective EINs: Anna Evergreen, LLC (2226); Brehob Nurseries, LLC (3791); Colonial Farms, LLC (3736); Colonial Gardens Developments, LLC (2413); Colonial Gardens, LLC (9612); DCA Land Holding Company, LLC (4280); DCA Land Illinois, LLC (1397); DCA Land Indiana, LLC (4848); DCA Land Kansas, LLC (8049); DCA Land Kentucky, LLC (4280); DCA Land Missouri, LLC (6728); DCA Land Oregon, LLC (6830); KAT Nurseries, LLC (4682); PlantRight Supply, LLC (3464); Schwope Brothers Tree Farm, LLC (6725); Schwope Brothers West Coast, LLC (2354); Utopian Plants Indiana, LLC (8385); Utopian Transport, LLC (3456); Utopian Trees, Inc. (3868).

1

4904-4752-0628, v. 1

consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On February 20, 2025 (the "Petition Date"), the Debtors commenced these Bankruptcy Cases. These cases are being jointly administered. The Debtors continue to manage their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. Brent King was engaged on or about September 11, 2025 as the Chief Restructuring Officers and is responsible for the day-to-day operations of the Debtors.

5. The Debtors require a financial advisory firm to assist with the following:

   a. Assist the Debtor in preparing or supervising the preparation of the monthly operating reports;

   b. Assist the Debtor with reviewing, evaluating, and analyzing the financial ramifications of any proposed transactions which the client may seek court approval;

   c. Assist the Debtor by performing such other duties or tasks that may fall within the responsibilities of a Debtor in Possession's financial advisor as requested by the Debtor's management.

6. The other duties in the proposed agreement with GlassRatner hereto as Exhibit 1

2

4904-4752-0628, v. 1

## RELIEF REQUESTED

7. By this Application, the Debtor seeks entry of the Order authorizing the retention and employment of GlassRatner as its financial advisor in accordance with the terms and conditions set forth in this Application and the Pegnia Declaration.

## BASIS FOR RELIEF

8. The statutory bases for the relief requested in this Application are sections 328(a), and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Western District of Missouri (the "Local Rules").

9. Rule 2014 of the Bankruptcy Rules requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

## EMPLOYMENT OF GLASSRATNER

10. GlassRatner enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. GlassRatner is a qualified and experienced financial advisor, with the resources, capabilities, and experience the Debtors require. GlassRatner has a wealth of experience in providing financial advisory services in complex restructurings and reorganizations. *In re Praesum Healthcare Services, LLC,* Case No. 25-bk-19335, ECF 118 (Bankr. S.D. Fla. September 22, 2025), *In re Healthcare Holdings of Florida LLC, et al.,* Case No. 24-21355-SMG, ECF 121 (Bankr. S.D. Fla. January 14, 2025), *In re Kalera, Inc.,* Case No. 23-90290, ECF 186 (Bankr. N.D. Tex. June 7,

3

4904-4752-0628, v. 1

2023); *In re Christian Care Cntrs, Inc.*, Case No. 22-80000, ECF 284 (Bankr. N.D. Tex. Aug. 1, 2022); *In re Limetree Bay Servs., LLC*, Case No. 21-32351, ECF 398 (Bankr. S.D. Tex. July 12, 2021); *In re Fresh Acquisitions LLC et al.*, Case No. 21-30721, ECF 171 (Bankr. N.D. Tex. Apr. 21, 2021); *In re PBS Band, Co.*, Case No. 20-13157, ECF 408 (Bankr. D. Del. Mar. 16, 2021); *In re Loves Furniture Inc.*, Case No. 21-40083, ECF 275 (Bankr. E.D. Mich. Mar. 5, 2021); *In re GGI Holdings, LLC*, Case No. 20-31818, ECF 266 (Bankr. N.D. Tex. June 9, 2020); *In re Epic Companies, LLC*, Case No. 19-34752, ECF 377 (Bankr. S.D. Tex. Nov. 7, 2019) (financial advisor to the Official Committee of Unsecured Creditors); *In re Lockwood Holdings, Inc.*, Case No. 18-30197, ECF 117 (Bankr. S.D. Tex. Feb. 16, 2018).

11. The Debtors' Chief Restructuring Officer, Brent King, is employed by GlassRatnerLeadership in this Bankruptcy Case for GlassRatner will be provided by Joseph V. Pegnia, a Senior Managing Director of the firm as directed by the Chief Restructuring Officer. The Debtor's selection of GlassRatner as a financial advisor was based upon, among other things: (a) the Debtor's need to retain a financial advisory firm to provide advice relevant to the Debtor, (b) GlassRatner's senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as this Bankruptcy Case, and (c) GlassRatner's experience, resources and capabilities in cases in the industries at issue in this Bankruptcy Case.

12. The Debtor determined that GlassRatner brought a unique blend of case-specific knowledge, relevant experience, and expertise. The Debtor believes that GlassRatner's proposed compensation structure is competitive, appropriate and reasonable in the context here.

## SCOPE OF SERVICES

13. GlassRatner will provide such financial advisory services to the Debtor that the Debtor approves and deems appropriate and feasible in order to advise the Debtor in the course of this Bankruptcy Case, including, but not limited to, the following:

4904-4752-0628, v. 1

- Assist the Client in preparing or supervising the preparation of reports as may be required by applicable federal and local bankruptcy statutes and rules, e.g., "Monthly Operating Reports" (MORs), and other reports as may be requested or required by the court for the benefit of the court, creditors, and other constituents in any Bankruptcy Case;
- Assist the Client with reviewing, evaluating and analyzing the financial ramifications of proposed transactions for which the Client may seek court approval;
- Assist the Client by testifying before the court, as may be required, on behalf of the Client; and;
- Assist the Client by performing such other duties or tasks that fall within the customary responsibilities of a debtor in possession's financial advisor as requested by the Client's management and/or board of directors.

## EFFECTIVE DATE OF RETENTION

14. The Debtors submit that the employment of GlassRatner on the terms and conditions set forth herein is in the best interests of the Debtors. "As of" date relief is warranted with respect to GlassRatner's retention. The Debtor requests that GlassRanter's retention be made effective as of September 11, 2025, to allow GlassRanter to be compensated for the work it performed for the Debtor as of, and following, the date it was retained, subject to the Court's consideration and approval of this Application. Due to the size and complex nature of these Bankruptcy Cases, as well as the expedited schedule occasioned by the relief sought during the early stages of the case, there was an immediate need for GlassRatner to perform services for the Debtors upon its retention. As such, the Debtor submits that, under the circumstances, retention approval as of September 11, 2025, the date of GlassRatner's retention, is warranted.

## PROFESSIONAL COMPENSATION

15. Subject to the Court's approval, and in accordance with the Bankruptcy Code, GlassRatner proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. GlassRatner Advisers professionals will be billed at their respective standard hourly rates, as follows:

4904-4752-0628, v. 1

| | | |
|---|---|---|
| a. | Irene Byela | $425 |
| b. | Senior Managing Directors | $525 - $1075 |
| c. | Managing Directors | $465-$895 |
| d. | Others | $250-$625 |

GlassRatner's rate schedule is customarily revised each twelve months, with the next such revision scheduled to take effect January 1, 2026, provided that such revision, to the extent of any increase in rates, will not take effect with respect to this Bankruptcy Case without notice and opportunity of objection, as more particularly set forth in the Order. Non-working travel time, if any, is billed at 50% of otherwise-applicable rates.

16. GlassRatner will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges. GlassRatner will charge for these expenses at rates consistent with or discounted to charges made to other GlassRatner clients and subject to the guidelines of the U.S. Trustee.

17. GlassRatner will maintain detailed records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules and guidelines.

18. Considering the foregoing, the Debtors believe that GlassRatner's fee structure is reasonable, market-based and designed to fairly compensate GlassRanter for its work in these cases.

## NO ADVERSE INTEREST

19. To the best of the Debtors' knowledge and based on the GlassRanter Declaration, the Debtors submit that GlassRatner is a "disinterested person" as that term is defined in Bankruptcy Code Section 101(14). The Debtors submit that GlassRatner currently neither holds

6

nor represents any interest adverse to the Debtors' estates, except as may be set forth in the Pegnia Declaration. Further, except as set forth in the Pegnia Declaration, GlassRatner has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

20. GlassRatner will not, while employed by the Debtors, represent any other entity in connection with these Bankruptcy Cases.

21. To the extent that GlassRatner discovers any connection with any interested party or enters into any new relationship with any interested party, GlassRatner will promptly supplement its disclosure to the Court.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

22. In accordance with the U.S. Trustee Guidelines, GlassRatner shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Bankruptcy Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in these cases. GlassRatner also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final applications to be filed by GlassRatner in these Bankruptcy Cases.

## NOTICE

23. Notice of this Application shall be given to: (i) Counsel for the Official Unsecured Creditors Committee, (ii) counsel to the DIP Agent, (iii) counsel to the U.S. Trustee, and (iv) all parties that have requested pursuant to Fed. R. Bankr. P. 2002 to receive notices in this Bankruptcy

4904-4752-0628, v. 1

Case. Considering the nature of the relief requested, the Debtor respectfully submits that no other or further notice of the Application is required.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court enter an order authorizing the Debtors to retain and employ GlassRatner as financial advisor to the Debtors effective as of September 11, 2025, and (b) provide the Debtors with such other and further relief as the Court may deem just, proper and equitable.

Respectfully Submitted:

EVANS & MULLINIX, P.A.
/s/ *Colin N. Gotham*
Colin N. Gotham, KS #19538; MO #52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for Debtors*

## NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing, go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                /s/ Colin N. Gotham
                                                Colin N. Gotham

4904-4752-0628, v. 1