# FORBEARANCE AGREEMENT

**THIS FORBEARANCE AGREEMENT** (this "Agreement") is dated the 10th day of January, 2025 (the "Effective Date") by and among (i) Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA (together, "Lenders") and (ii) the following borrowers: Schwope Brothers Tree Farms, LLC, a Missouri limited liability company ("Schwope Brothers Tree Farms"); Utopian Trees, Inc., a Missouri corporation ("Utopian Trees"); KAT Wholesale Outdoor, LLC, a Missouri limited liability company ("KAT Wholesale"); Utopian Transport, LLC, a Kansas limited liability company ("Utopian Transport"); Anna Evergreen, LLC, an Illinois limited liability company ("Anna Evergreen"); Colonial Gardens, LLC, a Missouri limited liability company ("Colonial Gardens"); DCA Land Indiana, LLC, an Indiana limited liability company ("DCA Indiana"); DCA Land Kansas, LLC, a Missouri limited liability company ("DCA Kansas"); DCA Outdoor, Inc., a Nevada corporation ("DCA Outdoor"); Colonial Gardens Development LLC, a Missouri limited liability company ("Colonial Gardens Development"); PlantRight Supply, LLC, a Missouri limited liability company ("PlantRight"); Schwope Brothers West Coast, LLC, an Oregon limited liability company ("Schwope Brothers West Coast"); DCA Land Missouri LLC, a Missouri limited liability company ("DCA Land Missouri"); DCA Land Oregon LLC, an Oregon limited liability company ("DCA Land Oregon"); DCA Land Illinois LLC, an Illinois limited liability company ("DCA Land Illinois"); Colonial Farms, LLC, a Missouri limited liability company ("Colonial Farms"); DCA Land Holding Company LLC, a Missouri limited liability company ("DCA Land Holding"); DCA Land Kentucky LLC, a Kentucky limited liability company ("DCA Land Kentucky"); and Tory Levi Schwope, an individual resident of Missouri (each, a "Borrower" and collectively, "Borrowers").

## RECITALS

A. Pursuant to the Loan Documents, as defined on the attached Exhibit A, each Borrower is indebted to Lenders under the following loan facilities (each loan advanced by Lenders to Borrowers pursuant to the below-listed loan facilities shall be referred to as a "Loan" and collectively, the "Loans"):

Loan Facility A ($55,000,000.00) ("Facility A");
Loan Facility B ($750,000.00) ("Facility B");
Loan Facility C ($12,576,573.53) ("Facility C");
Loan Facility D ($917,371.78) ("Facility D");
Loan Facility E ($1,834,683.68) ("Facility E");
Loan Facility H ($5,000,000.00) ("Facility H");
Loan Facility I ($8,776,000.00) ("Facility I");
Loan Facility J ($3,640,266.00) ("Facility J"); and
Loan Facility K ($7,000,000.00) ("Facility K")

B. To secure each and every obligation owing from each Borrower pursuant to the Loan Documents, each Borrower validly granted a security interest and lien upon each and every right, title and interest each Borrower had, subsequently acquired or may hereafter acquire in all of each Borrower's real and personal property (as more specifically defined in the Loan Documents, the "Collateral").



EXHIBIT
11

C. To perfect Lenders' security interests and liens in the Collateral, Lenders (i) filed the UCC Financing Statements (together, the "UCC-1s") listed on the attached Exhibit B and filed the Mortgages and Deeds of Trust as stated on Exhibit A. As the result of Lenders filing the UCC-1s and the Mortgages and Deeds of Trust, Lenders hold valid and perfected first in priority security interest upon the Collateral.

D. Each Borrower acknowledges that Events of Default have occurred and are continuing pursuant to the Loan Documents as the result of:

(i) Borrowers' failure to make payments as and when due pursuant to the Loan Documents as itemized on the attached Exhibit C;

(ii) Borrowers' failure to deliver Annual Financial Statements for the year ending December 31, 2023 on or before July 31, 2024 as required by Section 6.7.1 of the Fourth Amended and Restated Credit Agreement;

(iii) Borrowers' failure to deliver Periodic Financial Statements for the month of July, 2024, within 30 days of the end of the month as required by Section 6.7.2 of the Fourth Amended and Restated Credit Agreement;

(iv) Borrowers' failure to deliver Tax Returns of Tory Levi Schwope for the year ending December 31, 2023 as required by Section 6.7.3 of the Fourth Amended and Restated Credit Agreement;

(v) Borrowers' failure to deliver Aging Reports for the month of July, 2024, within 30 days of the end of the month as required by Section 6.7.4 of the Fourth Amended and Restated Credit Agreement;

(vi) Borrowers' failure to deliver Monthly Reconciliation reports for the month of July, 2024, within 30 days of the end of the month as required by Section 6.7.8 of the Fourth Amended and Restated Credit Agreement;

(vii) Borrowers' failure to deliver Compliance Certificates for the period ending July 2024 within 30 days of the end of the month as required by Section 6.13 of the Fourth Amended and Restated Credit Agreement;

(viii) Borrowers' failure to deliver a Borrowing Base Report for the period ending July 2024 within 30 days of the end of the month as required by Section 6.14 of the Fourth Amended and Restated Credit Agreement;

(ix) Borrowers' breach of the Leverage Ratio covenant set forth in Section 6.12.2 of the Fourth Amended and Restated Credit Agreement for the periods ending, July 31, 2024, August 31, 2024, September 30, 2024, and October 31, 2024;

(x) Borrowers' failure to maintain the minimum Borrowing Base covenant set forth in Section 6.14 of the Fourth Amended and Restated Credit Agreement for the periods ending August 31, 2024, September 30, 2024 and October 31, 2024, (together, the "Existing Events of Default").

F. Each Borrower agrees and acknowledges that any and all written notices required to be given and delivered by Lenders pursuant to the Loan Documents and applicable law prior to a default becoming an Event of Default pursuant to Section 8.1 of the Fourth Amended and Restated Credit Agreement have been properly given and delivered.

G. Each Borrower acknowledges it has received notice from Lenders dated September 30, 2024 informing each Borrower that each of the Loans is distressed under provisions of the Farm Credit Act, as amended (12 U.S.C. 2201 at § 4.13(B)) and Farm Credit Act Regulations (12 CFR 617.7410) ("Distressed Loan Notice") and that Borrowers did not submit a restructuring request within 45 days of their receipt of the Distressed Loan Notice.

NOW, THEREFORE, in consideration of the facts set forth in these Recitals, which the parties agree are true and correct and incorporated herein, and in consideration for entering into this Agreement, the parties hereto agree as follows:

1. **Defined Terms.** Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms on Exhibit A attached hereto or in the Loan Documents.

2. **Acknowledgments of Loan Documents and No Defenses.** Each Borrower acknowledges and agrees that each of the Loan Documents was duly executed and delivered and each Borrower acknowledges that each of the Loan Documents, including the security interests and liens granted therein, is valid and enforceable by Lenders against each Borrower and the Collateral in accordance with its terms and applicable law. To the knowledge of each Borrower, after diligent inquiry, each Lender has performed all of its obligations under the Loan Documents, and each Borrower acknowledges and agrees that it has no defenses, offsets, counterclaims, claims or demands of any nature that can be asserted (i) against Lenders for damages, (ii) to alter, amend or avoid any of Lenders' security interests or liens upon the Collateral or (iii) to reduce or eliminate all or any part of the obligations of each Borrower under the Loan Documents. Notwithstanding these terms, Borrower does not waive any defenses, offsets, counterclaims, claims or demands of any nature against Lenders arising out of this Forbearance Agreement after the Effective Date.

3. **Acknowledgment of Default.** The Existing Events of Default have not been cured and continue, the occurrence and continuance of which entitle Lenders to exercise all of the rights and remedies contained in the Loan Documents and applicable law. Borrower does not have any defenses, counterclaims, or rights of setoff with respect to the Existing Events of Default.

4. **Acknowledgment of Debt.** Each Borrower acknowledges and agrees that the aggregate outstanding principal balance and accrued and unpaid interest as of the Effective Date total $95,368,220.36 and the aggregate outstanding principal balance and accrued and unpaid interest as of the Effective Date owing pursuant to each of Facilities are set forth on the attached Exhibit D. In addition to Borrowers' obligation to repay the outstanding principal indebtedness and accrued, unpaid interest evidenced by the Loan Documents, Lenders have incurred, and in the future may incur, costs and legal expense in connection with the Loans, which amounts are or will be due and payable by each Borrower in accordance with the terms of the Loan Documents.

5. **Forbearance.** Subject to the terms and conditions set forth in this Agreement, Lenders shall, on account of the Existing Events of Default:

(a) Forbear from exercising their rights and remedies under the Loan Documents and applicable law from the Effective Date until the occurrence of the earlier of: (i) a breach by any Borrower of its obligations, covenants and representations and warranties set forth in the Loan Documents exclusive of the events giving rise to the Existing Events of Default; (ii) a breach by any Borrower of any Forbearance Condition, as defined in Section 6; and (iii) a breach by any Borrower of the representations and warranties set forth in this Agreement or the obligations imposed upon Borrowers by this Agreement (each occurrence of an event described in this Section 5(a)(i)-(iii) shall be referred to herein as a "Forbearance Default"); or (iv) March 31, 2025 (the earliest of the dates defined by Section 5(a)(i)-(iii), the "Forbearance Termination Date"); and

(b) Forbear from exercising their rights and remedies under the Loan Documents and applicable law from the Effective Date on account of any failure of Borrowers to make the following payments (the "Forbearance Payments"):

Facility A: Monthly interest payment due December 1, 2024, January 1, 2025, February 1, 2025 and March 1, 2025.

Facility C: Quarterly payments due December 1, 2024 and March 1, 2025.

Facility D: Quarterly payments due December 1, 2024 and March 1, 2025.

Facility E: Quarterly payments due January 1, 2025.

Facility H: Monthly interest payment due December 1, 2024, January 1, 2025, February 1, 2025 and March 1, 2025.

Facility I: Quarterly payments due December 1, 2024 and March 1, 2025.

Facility J: Quarterly payments due December 1, 2024 and March 1, 2025.

Facility K: Payment due and delinquent on December 1, 2024.

For purposes of clarity, the Forbearance Payments identified above in this Section 5(b) shall, as applicable, become due and owing or remain due and owing as expressly provided in the Loan Documents but Lenders shall, until the Forbearance Termination Date, not enforce their rights and remedies under the Loan Documents in the event such payments are not made strictly in accordance with the Loan Documents.

(c) Notwithstanding any provision in the Loan Documents or any other documents executed pursuant to this Agreement requiring written notice from Lenders prior to Lenders pursuing their rights or remedies under such document or applicable law, upon the occurrence of a Forbearance Default or the Forbearance Termination Date, Lenders shall immediately be entitled to pursue their rights and remedies under any or all of the Loan Documents, the documents executed pursuant to this Agreement, and applicable law without further notice.

6. **Conditions of Forbearance and Loan Restructure**. The obligation of Lenders to forbear from exercising any one or more of their rights or remedies under the Loan Documents on account of the Existing Events of Default and the Forbearance Payments is subject to, inter alia, each Borrower satisfying each of the conditions set forth in this Section 6(a) (each, a "Forbearance Condition" and, collectively, the "Forbearance Conditions").

(a) *Confidential Information Memorandum*. On or before January 10, 2025, Borrowers shall deliver to Lenders a copy of the confidential information memorandum or similar document that Borrowers, with the input and assistance of Steeplechase Advisors, LLC ("Steeplechase"), have developed for the purpose of soliciting from one or more third parties (i) a written offer to purchase Borrowers' assets on or before March 31, 2025 with a price sufficient to pay and satisfy in full the outstanding principal, accrued unpaid interest, fees and costs pursuant to Facility A, Facility H and Facility K (a "Sale Transaction"); or (ii) a written offer to refinance on or before March 31, 2025, on terms and conditions acceptable to Lenders, the outstanding principal, accrued unpaid interest, fees and costs pursuant to Facility A, Facility H and Facility K (a "Refinancing Transaction").

(b) *Sale Transaction and Refinancing Transaction Progress Reports*. On or before January 10, 2025 and continuing on the same day of each week thereafter prior to March 31, 2025, Borrowers shall cause Steeplechase to furnish to Lenders a written progress report regarding the status of Borrowers' efforts to close a Sale Transaction and/or a Refinancing Transaction.

(c) *Auditor's Progress Reports*. On or before January 10, 2025, February 10, 2025 and March 10, 2025, Borrowers shall cause the certified public accounting firm engaged by Borrowers to issue audited financial statements on Borrowers' financial condition as of December 31, 2023 to deliver to Lenders a written progress report on the status of the issuance of such audited financial statements.

(d) *Commitment Letter for Refinancing or Sale Transaction*. On or before March 31, 2025, Borrowers shall deliver to Lenders a copy of (i) a commitment letter evidencing a replacement Lender's commitment to advance funds sufficient to permit Borrowers to close a Refinancing Transaction on or before May 31, 2025; and/or (ii) a commitment letter evidencing a third party's commitment to purchase assets from Borrowers that will permit Borrowers to close a Sale Transaction on or before May 31, 2025.

(e) *13 Week Cash Flow Reporting*. On or before January 10, 2025, and continuing on the same day of each week thereafter prior to March 31, 2025, Borrowers, with the assistance and input of Steeplechase, shall deliver to Lenders (i) a written 13-week forecast estimating Borrowers' projected cash receipts and cash disbursements during such 13-week period; and (ii) a written report of actual cash receipts and cash disbursements as compared to the immediately preceding 13-week forecast. In the event any 13 Week Cash Flow Report shows a negative cash flow for any one or more weeks, Borrowers shall, contemporaneously with the delivery of such Report, include Borrowers' plan to maintain going concern operations in light of such negative cash flow.

(f) *Collateral Reporting*. On or before January 17, 2025, Borrowers shall provide Lenders with an inventory report listing inventory held as of December 31, 2024 for the following Borrowers: Schwope Brothers Tree Farms, Schwope Brothers West Coast, Anna Evergreen, Utopian Plants, and Valley Hill Tree Farm. The inventory report required pursuant to this Section 6(f) shall include, at least, the following information for each item of inventory for each Borrower:

i. Physical address location;

ii. Species;

iii. Common name;

iv. Quantities;

v. Value per unit; and

vi. Reconciliation as to any discrepancy with Borrower's General Ledger.

(g) *Amended Mortgage*. On or before January 17, 2025, the Mortgagor that granted one or more of the Mortgages/Deeds of Trust identified on Exhibit E shall execute such amended or new Mortgage/Deed of Trust documentation, acceptable to Lenders in their sole discretion as is necessary to increase the indebtedness secured by such Mortgages/Deeds of Trust to the amount set forth on Exhibit E. By execution of this Agreement, Borrowers authorize Lenders or their agents to record such amended or new Mortgages/Deeds of Trust.

(h) *Deposit Account Control Account Agreements*. Each Borrower represents and warrants that the deposit accounts listed on the attached Exhibit F represent a comprehensive listing of all Deposit Accounts, as defined in Section 9-102(29) of the Uniform Commercial Code, owned or maintained by Borrowers. Borrowers shall not open any other Deposit Accounts without the express written consent of Lenders. On or before January 31, 2025, Borrowers shall cause each depository bank at which each Deposit Account is maintained to execute a "Deposit Control Account Agreement" in a form and with content acceptable to Lenders in their reasonable discretion which Deposit Control Account Agreements must each, at a minimum, provide Lenders with the right to control, to the exclusion of Borrowers, dispositions from the subject Deposit Account upon the occurrence of a Forbearance Default. No Borrower will permit the balance of any single Deposit Account to exceed $10,000.00.

(i) *Titled Vehicles*. Borrowers shall, on or before January 31, 2025: (i) deliver to Lenders a list of (a) each titled vehicle with a gross vehicle weight rating greater than 26,001 pounds and each trailer with a gross weight greater than 10,000 pounds (each, a "Borrower-Owned Vehicle") owned by a Borrower as of January 31, 2025; (ii) cause each title to Borrower-Owned Vehicle to have Lenders' lien noted on such title; and (iii) produce to Lenders copies of each title to a Borrower Owned Vehicle demonstrating compliance with the requirement to have Lenders' lien noted on the title.

(j) *No Distributions to Equity Holders.* Borrowers shall not, during the Forbearance Period, make any distributions or payments to holders of equity interests in one or more of the Borrowers in an aggregate amount that exceeds $37,500.00 per holder during the Forbearance Period including with respect to (but not limited to) (i) dividends, (ii) LLC distributions; (iii) rent payments; or (iv) salary payments.

(k) *Steeplechase Engagement.* At all times during the Forbearance Period, Borrowers shall cause Steeplechase to be employed as advisors to Borrowers with authority to communicate with Lenders regarding (i) Borrowers cash flow position and projections; (ii) Borrowers' opportunities and efforts to improve their respective cash flow and ability to service debt; (iii) the status of Borrowers' efforts to effect a Refinancing Transaction and/or a Sale Transaction.

(l) *Lenders' Professional Fees.* Consistent with Borrowers' obligations pursuant to the Loan Documents, Borrowers shall reimburse Lenders for all professional fees incurred by Lenders subsequent to the first to occur of the Existing Events of Default and each Borrower hereby requests that Lenders cause advances to be made from Facility A with distribution of such advances to Lenders to effectuate a prompt reimbursement of Lenders' professional fees. For purposes of clarity, Lenders' professional fees shall include (i) attorneys' fees and expenses, including the fees and expenses of such attorneys' consulting and testifying experts and (ii) appraisers and other valuation and inventory experts.

(m) *No Payments on Subordinated Debt.* Borrowers shall not, during the Forbearance Period, make any payments (a) to holders of any Debt that has been subordinated, whether in lien priority, payment or both and whether in writing or otherwise, to the Obligations (collectively, the "Subordinated Debt") or (b) with respect to or on account of any Subordinated Debt.

(n) *Overdrafts.* Borrowers shall not incur or permit the occurrence or presentation of any overdraft in any amount. For the purposes of this covenant, an overdraft shall be defined as any draft presented that if honored would result in the principal balance of Facility A exceeding the available commitment.

7. **Patronage Waiver.** Each Borrower acknowledges and agrees that, pursuant to the express terms of Lenders' Patronage Program, each Borrower is ineligible for patronage dividends for the year ending December 31, 2024 to be paid by Lenders in 2025 on Facility A, Facility C, Facility D, Facility H, Facility I, Facility J and Facility K and that no Borrower has any defense, claim, setoff, counterclaim or demand of any nature that can be asserted against Lenders with respect to such patronage dividends. Patronage on Facility E will be applied according to the provisions of the Loan Documents.

8. **Receivership Consent.** Upon the earlier of the occurrence of a Forbearance Default or the Forbearance Termination Date, Lenders may, without further notice, seek and obtain the appointment of a court-appointed receiver for any Borrower and/or any part of such Borrower's assets, regardless of the adequacy of Lenders' security, and each Borrower hereby irrevocably consents to the appointment of such receiver. Any action or proceeding to obtain the appointment

of a receiver may be brought in any state or federal court (i) sitting in Nebraska or (ii) having personal jurisdiction over a Borrower and/or the subject Collateral and each Borrower hereby irrevocably waives any objection, including any objection to the lack of personal jurisdiction or the laying of venue or based on the grounds of forum non conveniens, that it may now or hereafter have to bringing any such action or proceeding in such jurisdictions. Specifically, each Borrower acknowledges and agrees that: (i) the Loan Documents were negotiated, created and executed in Omaha, Nebraska; (ii) the Loans are administered by Lenders through Lenders' personnel in Omaha, Nebraska; and (iii) payments are made on the Loans in Omaha, Nebraska. Each Borrower hereby agrees that the receiver may enter upon and take possession and control of the Collateral and shall perform all acts necessary and appropriate to implement the order appointing such receiver. Each Borrower hereby agrees that the receiver shall have access to the books and records used in the operation and maintenance of any Borrower's business and the subject collateral. Lenders shall not be liable to any Borrower or anyone claiming under or through any Borrower by reason of the appointment of a receiver or such receiver's actions or failure to act. Each Borrower further irrevocably consents to Steeplechase being nominated by Lenders, and appointed by a court, as receiver for any Borrower and/or any part of such Borrower's assets, waives any potential conflict arising from Steeplechase being nominated and/or appointed as receiver, and expressly agrees not to raise, assert, or otherwise advance any objection or opposition, for any reason, to Steeplechase being so nominated and/or appointed as receiver. Notwithstanding the foregoing, nothing in this Section 8, elsewhere in this Agreement, or otherwise shall obligate, require or compel Lenders to nominate or consent to, or prohibit Lenders from objecting to or opposing, the appointment of Steeplechase as receiver for any Borrower and/or any part of such Borrower's assets and Lenders remain free to nominate or consent to any Person to serve as such receiver as Lenders determine in their sole discretion.

9. **Borrower Representations, Warranties and Covenants.** As additional consideration to and inducement for Lenders to enter into this Agreement, each Borrower makes the following representations and warranties as to itself and hereby covenants with Lenders as follows:

(a) ***Valid Existence; Good Standing; Due Authorization; Legal Capacity; Execution and Delivery.*** Each Borrower validly exists and is in good standing under the laws of the state of its organization and has the requisite corporate power and authority to execute and deliver this Agreement and to perform its obligations hereunder. Each Borrower has full legal capacity to execute and deliver this Agreement and to perform its respective obligations hereunder. Each Borrower has duly executed and delivered this Agreement.

(b) ***Representations and Warranties.*** Each and all of the representations and warranties of each Borrower in the Loan Documents are, and will continue to be, true, accurate and correct in all respects except that it is acknowledged that the Existing Events of Default exist. The representations and warranties of each Borrower in this Agreement are true, complete and correct as of the date hereof and will thereafter continue to be true, complete and correct.

(c) ***No Defaults.*** Except for the Existing Events of Default, each Borrower is not in default under: (i) any of the Loan Documents, nor has any event or circumstance

occurred that is continuing that, with the giving of notice or the passage of time, or both, would be a default or an event of default by any Borrower under any of the Loan Documents; and (ii) any other material agreement binding upon such Borrower or any of its properties.

(d) *No Material Changes*. Except for the Existing Events of Default, there has been no material adverse change in the financial condition of any Borrower from the most recent financial statement received by Lenders regarding such Borrower.

(e) *Claims and Defenses*. Lenders have timely performed all of their obligations under the Loan Documents, and no Borrower has any defenses, offsets, counterclaims, claims or demands of any nature that can be asserted against Lenders or any affiliate of Lenders for damages with respect to the Loan Documents, or to reduce or eliminate all or any part of the indebtedness or other obligations owing to Lenders under the Loan Documents.

(f) *Binding Agreement*. This Agreement (when executed and delivered on the date hereof) and the other Loan Documents are and will continue to be the legal, valid and binding obligations of each Borrower, enforceable against each Borrower in accordance with their terms.

(g) *Ratification of Loan Documents and Security Interests; No Waiver*. Each Loan Document to which such Borrower is a party is hereby ratified and affirmed in all respects by such Borrower as a binding obligation upon it and shall continue in full force and effect. Furthermore, each Borrower hereby ratifies and affirms each lien on, and security interest in, any and all real and personal property (tangible or intangible) granted as security to Lenders pursuant to the Loan Documents, and such liens and security interests shall continue in full force and effect and are not hereby diminished or released. This Agreement shall not constitute a waiver of any rights or remedies of Lenders in respect of the Loan Documents.

(h) *Reasonably Equivalent Value*. Each Borrower hereby agrees that it has carefully and independently analyzed the value of the benefits conferred by Lenders through the forbearance relief provided herein and that such value is reasonably equivalent to the value of the direct and indirect transfers made, and obligations incurred, by such Borrower pursuant to this Agreement and the transactions contemplated herein.

10. **Release of Claims**. Each Borrower hereby fully, finally and forever releases and discharges each Lender and its affiliates and its and their respective directors, managers, officers, employees, agents, representatives, attorneys, and accountants from any and all actions, causes of action, claims, debts, demands, liabilities, obligations and suits, of whatever kind or nature, in law or equity, that such Borrower has or in the future may have, whether known or unknown, (i) relating to the Loan, this Agreement, the other Loan Documents or the actions or omissions of Lenders relating to the Loan, this Agreement, or the other Loan Documents and (ii) arising from events occurring prior to the date of this Agreement. EACH BORROWER EXPRESSLY WAIVES ANY PROVISION OF STATUTORY OR DECISIONAL LAW TO THE EFFECT THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE RELEASING

PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN SUCH PARTY'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY SUCH PARTY, MUST HAVE MATERIALLY AFFECTED SUCH PARTY'S SETTLEMENT WITH THE RELEASED PARTIES.

11. **Entire Agreement; Change; Discharge; Termination or Waiver**. The Loan Documents contain the entire understanding and agreement of each Borrower, Guarantor and each Lender in respect of the Loans and supersede all prior representations, warranties, agreements and understandings. No provision of the Loan Documents may be changed, discharged, supplemented, terminated or waived except in a writing signed by each Lender and each Borrower. This Agreement contains the entire understanding and agreement of each Borrower, Guarantor and each Lender in respect of the forbearance of each Borrower's and each Guarantor's obligations under the Loan Documents and supersedes all prior representations, warranties, agreements and understandings between and among each Borrower, Guarantor and each Lender with respect to the forbearance of each Borrower's and Guarantor's obligations under the Loan Documents.

12. **No Limitations**. The description of the Loan Documents contained in this Agreement is for informational and convenience purposes only and shall not be deemed to limit, imply or modify the terms or otherwise affect the Loan Documents. The description in this Agreement of the Existing Defaults under the Loan Documents shall not be to the exclusion of any other defaults now existing or hereafter occurring under the Loan Documents. The description in this Agreement of the specific rights of Lenders shall not be deemed to limit or exclude any other rights to which Lenders may now be or may hereafter become entitled to under the Loan Documents at law, in equity or otherwise.

13. **Binding Effect**. The Loan Documents shall be binding upon, and inure to the benefit of, Borrowers, Guarantor and Lenders and their respective successors and assigns.

14. **Further Assurances**. Borrowers and Guarantor shall execute, acknowledge (as appropriate) and deliver to Lenders such additional agreements, documents and instruments as reasonably required by Lenders to carry out the intent of this Agreement.

15. **Counterpart Execution**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same document. Signature pages may be detached from the counterparts and attached to a single copy of this Agreement to physically form one document.

16. **Limitation of Liability for Certain Damages**. In no event shall Lenders be liable to Borrower on any theory of liability for any special, indirect, consequential or punitive damages (including any loss of profits, business or anticipated savings). **EACH BORROWER HEREBY WAIVES, RELEASES AND AGREES NOT TO SUE UPON ANY SUCH CLAIM FOR ANY SPECIAL, INDIRECT, CONSEQUENTIAL OR PUNITIVE DAMAGES, WHETHER OR NOT ACCRUED AND WHETHER OR NOT KNOWN OR SUSPECTED TO EXIST IN ITS FAVOR.**

17. **Post-Default Waiver of Collateral Disposition Rights**. A default and an event of default have occurred under the Loan Documents and, notwithstanding any forbearance or other

provision set forth herein, such default and event of default remain as pre-existing events of default with respect to which Lenders may send (anytime after the forbearance hereunder ends) a notice of disposition of collateral under Section 9-611 of the Uniform Commercial Code.

18. **Waiver of Jury Trial.** EACH LENDER, EACH BORROWER AND GUARANTOR, TO THE EXTENT PERMITTED BY LAW, WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING ARISING OUT OF, IN CONNECTION WITH OR RELATING TO THIS AGREEMENT, THE OTHER LOAN DOCUMENTS AND ANY OTHER TRANSACTION CONTEMPLATED HEREBY AND THEREBY. THIS WAIVER APPLIES TO ANY ACTION, SUIT OR PROCEEDING, WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE. Lenders and Borrowers intend and agree that the immediately preceding provision, in which such Persons waive their rights to a jury trial, is valid and shall be given effect.

19. **Construction.** This Agreement shall not be construed more strictly against Lenders merely by virtue of the fact that the same has been prepared by Lenders or their counsel, it being recognized that each Borrower is a sophisticated party represented by counsel and each Borrower acknowledges and waives any claim contesting the existence and the adequacy of the consideration given by any of the other parties hereto in entering into this Agreement.

20. **Consent to Agreement.** Each Borrower acknowledges that it has thoroughly read and reviewed the terms and provisions of this Agreement and is familiar with same, that the terms and provisions contained herein are clearly understood by it and have been fully and unconditionally consented to by it, and that each Borrower has had full benefit and advice of counsel of its own selection, or the opportunity to obtain the benefit and advice of counsel of its own selection, in regard to understanding the terms, meaning and effect of this Agreement and that this Agreement has been entered into by each Borrower freely, voluntarily, with full knowledge and without duress, and that in executing this Agreement each Borrower is relying on no other representations either written or oral, express or implied, made to each Borrower and Guarantor by any other party hereto, and that the consideration received by each Borrower hereunder has been actual and adequate.

21. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Nebraska.

22. **Severability.** If any provision of this Agreement shall be invalid, illegal or otherwise unenforceable, such provision shall be severable from the remainder of such agreement and the validity, legality and enforceability of the remaining provisions shall not be adversely affected or impaired thereby and shall remain in full force and effect.

[Remainder of this page is intentionally blank]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the date and year first above written.

LENDERS:

FRONTIER FARM CREDIT, FLCA

By ______________________
Name J. Ryan Torpy
Title Vice President

FRONTIER FARM CREDIT, PCA

By ______________________
Name J. Ryan Torpy
Title Vice President

BORROWERS:

SCHWOPE BROTHERS TREE FARMS, LLC,
a Missouri limited liability company

By ______________________
Name Tory Schwope
Title President

UTOPIAN TREES, INC., a Missouri corporation

By ______________________
Name Tory Schwope
Title President

[Signature Page to Forbearance Agreement]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered as of the date and year first above written.

LENDERS:

FRONTIER FARM CREDIT, FLCA

By ______________________________
Name J. Ryan Torpy______________
Title Vice President______________

FRONTIER FARM CREDIT, PCA

By ______________________________
Name J. Ryan Torpy______________
Title Vice President______________

BORROWERS:

SCHWOPE BROTHERS TREE FARMS, LLC,
a Missouri limited liability company

By ______________________________
Name Tory Schwope
Title President

UTOPIAN TREES, INC., a Missouri corporation

By ______________________________
Name Tory Schwope
Title President

[Signature Page to Forbearance Agreement]

KAT WHOLESALE OUTDOOR, LLC, a Missouri limited liability company

By ____________________
Name Tory Schwope
Title President

UTOPIAN TRANSPORT, LLC, a Kansas limited liability company

By ____________________
Name Tory Schwope
Title President

ANNA EVERGREEN, LLC, an Illinois limited liability company

By ____________________
Name Tory Schwope
Title President

COLONIAL GARDENS, LLC, a Missouri limited liability company

By ____________________
Name Tory Schwope
Title President

DCA LAND INDIANA, LLC, an Indiana limited liability company

By ____________________
Name Tory Schwope
Title President

[Signature Page to Forbearance Agreement]

DCA LAND KANSAS, LLC, a Missouri
limited liability company

By ____________________
Name Tory Schwope
Title President

DCA OUTDOOR, INC., a Nevada corporation

By ____________________
Name Tory Schwope
Title President

COLONIAL GARDENS DEVELOPMENT
LLC, a Missouri limited liability company

By ____________________
Name Tory Schwope
Title President

PLANTRIGHT SUPPLY, LLC, a Missouri
limited liability company

By ____________________
Name Tory Schwope
Title President

SCHWOPE BROTHERS WEST COAST, LLC,
an Oregon limited liability company

By ____________________
Name Tory Schwope
Title President

DCA LAND MISSOURI LLC, a Missouri
limited liability company

By ____________________
Name Tory Schwope
Title President

[Signature Page to Forbearance Agreement]

DCA LAND OREGON LLC, an Oregon limited liability company

By ________________________
Name Tory Schwope
Title President

DCA LAND ILLINOIS LLC, an Illinois limited liability company

By ________________________
Name Tory Schwope
Title President

COLONIAL FARMS, LLC, a Missouri limited liability company

By ________________________
Name Tory Schwope
Title President

DCA LAND HOLDING COMPANY LLC, a Missouri limited liability company

By ________________________
Name Tory Schwope
Title President

DCA LAND KENTUCKY LLC, a Kentucky limited liability company

By ________________________
Name Tory Schwope
Title President

________________________
Tory Levi Schwope

[Signature Page to Forbearance Agreement]

# EXHIBIT A

## LOAN DOCUMENTS

1. Fourth Amended and Restated Credit Agreement dated as of December 22, 2023 by and between Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA (each and together, "Lender") and Schwope Brothers Tree Farms, LLC, Utopian Trees, Inc., KAT Wholesale Outdoor, LLC, Utopian Transport, LLC, Anna Evergreen, LLC, Colonial Gardens, LLC, DCA Land Indiana, LLC, Brehob Nurseries, LLC, Utopian Plants Indiana, LLC, DCA Land Kansas, LLC, DCA Outdoor, Inc., Colonial Gardens Development LLC, PlantRight Supply, LLC, Schwope Brothers West Coast, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Land Illinois, LLC, Colonial Farms, LLC, and DCA Land Holding Company, LLC, and Tory Levi Schwope (each and collectively, "Borrower"), as amended by (a) that certain First Amendment to Fourth Amended and Restated Credit Agreement dated March 7, 2024 by and between Borrowers and Lender, (b) that certain Second Amendment to Fourth Amended and Restated Credit Agreement dated June 27, 2024, and (c) Third Amendment to Fourth Amended and Restated Credit Agreement dated September 30, 2024 (as amended and collectively with all other amendments, addenda, attachments, schedules and exhibits thereto, the "Credit Agreement").

2. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of March 20, 2024 by DCA Land Missouri LLC, as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on April 25, 2024 as Instrument Number 2024E0024827.

3. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of January 12, 2024 by DCA Land Missouri LLC, as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on January 22, 2024 as Instrument Number 2024E0004188.

4. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of December 22, 2023 by DCA Land Oregon, LLC, as grantor, to Fidelity National Title Company of Oregon, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Oregon on December 26, 2023 as Instrument Number 2023-052797.

5. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of January 12, 2024 by DCA Land Missouri LLC, as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on January 22, 2024 as Instrument Number 2024E0004241.

6. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of December 22, 2023 by DCA Land Oregon, LLC, as grantor, to Fidelity National Title Company of Oregon, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Oregon on December 26, 2023 as Instrument Number 2023-052799.

7. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of January 12, 2024 by Tory Levi Schwope, aka Tory Schwope, and Beth A. Schwope, a married couple, and Cody Shawn Schwope, aka Cody Schwope, and Samantha Kay Schwope, a married couple, collectively as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on January 22, 2024 as Instrument Number 2024E0004194.

8. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of December 22, 2023 by DCA Land Oregon, LLC, as grantor, to First American Title Insurance Company, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Oregon on December 22, 2023 as Instrument Number 2023-052664.

9. Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated as of December 22, 2023 by DCA Land Kentucky, LLC, as mortgagor, to and in favor of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Kentucky on January 3, 2024 as Document Number 113121 in Book M336, Pages 664-681.

10. Missouri Deed of Trust dated March 9, 2009 by Tory Schwope and Beth Ann Schwope f.k.a. Beth Ann Tummons, together as grantors, to John E. Larson, as trustee, to and for the benefit of Frontier Farm Credit, FCLA, as lender, and recorded in the official real property records of Jackson County, Missouri on March 12, 2009 as Instrument Number 2009E0023486.

11. Missouri Open-End Deed of Trust dated September 16, 2021 by DCA Land Missouri LLC, as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on September 28, 2021 as Instrument Number 2021E0107125.

12. Trust Deed and Fixture Filing (Open-End Trust Deed) dated July 8, 2021 by DCA Land Oregon, LLC, as grantor, to Fidelity National Title Insurance Company of Oregon, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Oregon on July 12, 2021 as Instrument Number 2021-077855.

13. Illinois Open-End Mortgage dated June 4, 2021 by DCA Land Illinois, LLC, as mortgagor, to Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Union County, Illinois on June 11, 2021 as Document Number 2021R1294.

14. Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated March 26, 2021 by DCA Land Kansas, LLC, as mortgagor, to Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Johnson County, Kansas on March 29, 2021 as Document Number 20210329-0013498 in Book 202103 at Page 013498.

15. Mortgage and Security Agreement (With Future Advances Clause) dated December 18, 2014 by Utopian Teres, Inc., as mortgagor, and Frontier Farm Credit, FLCA, as mortgagee, and recorded in the official records of Johnson County, Kansas on December 23, 2014 as Document Number 20141223-0006673.

16. Missouri Open-End Deed of Trust dated March 26, 2021 by Colonial Gardens Development LLC and DCA Land Missouri, LLC, together as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on March 29, 2021 as Instrument Number 2021E0033293.

17. Missouri Open-End Deed of Trust dated May 10, 2017 by Tory Schwope a/k/a Tory Levi Schwope and Beth A. Schwope, husband and wife, together as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on May 19, 2017 as Instrument Number 2017E0044707.

18. Indiana Mortgage dated November 30, 2016 by and between DCA Land Indiana, LLC, as mortgagor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as mortgagee, and recorded in the official real property records of Marion County, Indiana on December 8, 2016 as Instrument Number A201600135211.

19. Indiana Mortgage dated November 30, 2016 by and between DCA Land Indiana, LLC, as mortgagor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as mortgagee, and recorded in the official real property records of Hamilton County, Indiana on December 7, 2016 as Instrument Number 2016064666.

20. Missouri Open-End Deed of Trust dated December 21, 2016 by Tory L Schwope and Beth A Schwope, husband and wife, together as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on December 29, 2016 as Instrument Number 2016E0123301.

21. Missouri Deed of Trust dated December 18, 2014 by Tory Levi Schwope a/k/a Tory Schwope and Beth A. Schwope, husband and wife, and Patricia Jeanne Schwope a/k/a Patricia Schwope, a single person, collectively as trustor, to and in favor of John E. Larson, as trustee, for the benefit of Frontier Farm Credit, FLCA, as beneficiary, and recorded in the official real property records of Jackson County, Missouri on December 24, 2014 as Instrument Number 2014E0106712.

22. Missouri Deed of Trust dated March 28, 2008 by Tory Schwope and Beth Ann Schwope f.k.a. Beth Ann Tummons, husband and wife, together as grantors, to John E. Larson, as trustee, to and for the benefit of Frontier Farm Credit, FCLA, as grantee, and recorded in the official real property records of Jackson County, Missouri on April 3, 2008 as Instrument Number 2008E0036099, as modified by that certain Modification of Missouri Deed of Trust dated April 5, 2012 between Tory Schwope and Beth Ann Schwope f.k.a. Beth Ann Tummons, husband and wife, together as grantors, to John E. Larson, as trustee, to and for the benefit of Frontier Farm Credit, FCLA, as borrower, and Frontier Farm Credit, FLCA, as lender, and recorded in the official real property records of Jackson County, Missouri on May 10, 2012 as Instrument Number 2012E0050636.

23. Missouri Deed of Trust dated January 9, 2014 by Tory Levi Schwope a/k/a Tory Schwope and Beth A. Schwope, husband and wife, together as grantors, to John E. Larson, as trustee, to and for the benefit of Frontier Farm Credit, FCLA, as grantee, and recorded in the official real property records of Jackson County, Missouri on January 22, 2014 as Instrument Number 2014E0005721.

24. Missouri Open-End Deed of Trust dated November 3, 2015 by Tory Levi Schwope and Beth A. Schwope, husband and wife, together as grantor, to and in favor of John E. Larson, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as grantee, and recorded in the official real property records of Jackson County, Missouri on November 3, 2015 as Instrument Number 2015E0099434.

25. Missouri Open-End Deed of Trust dated January 29, 2016 by Tory Levi Schwope and Beth A. Schwope, husband and wife, together as grantor, to and in favor of John E. Larson, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as grantee, and recorded in the official real property records of Jackson County, Missouri on February 1, 2016 as Instrument Number 2016E0008901.

26. Missouri Deed of Trust dated February 3, 2015 by Beth A Schwope a/k/a Beth Ann Schwope and Tory Levi Schwope, husband and wife, together as grantors, to John E. Larson, as trustee, to and for the benefit of Frontier Farm Credit, FCLA, as grantee, and recorded in the official real property records of Jackson County, Missouri on February 12, 2015 as Instrument Number 2015E0012009.

27. All documents, agreements and instruments ancillary or related to the foregoing.

(the foregoing are collectively, the "Loan Documents").

# EXHIBIT B

## UCC FILINGS

1. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Nurseries, LLC, KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Illinois on June 30, 2016 as File Number 021511609, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

   a. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Illinois on January 5, 2021 as File Number 009716981;

   b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on April 5, 2021 as File Number 009733407;

   c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on June 21, 2021 as File Number 009746718;

   d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 12, 2022 as File Number 009840655;

   e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 12, 2022 as File Number 009840652;

   f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842704;

   g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842702;

   h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842698;

   i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842706;

   j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842699;

   k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on December 21, 2022 as File Number 009842709; and

   l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Illinois on April 26, 2024 as File Number 00932566.

2. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Indiana on February 1, 2017 as File Number 201700000877931, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

   a. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on January 2, 2019 as File Number 201900000049035;

   b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on November 20, 2020 as File Number 202011202709033;

   c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on November 20, 2020 as File Number 202011202709034;

   d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 6, 2021 as File Number 202104062762337;

   e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 6, 2021 as File Number 202104062762338;

   f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 6, 2021 as File Number 202104062762339;

   g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on October 1, 2021 as File Number 202110012842122;

   h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186911;

   i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186912;

   j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186913;

   k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186914;

   l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186915;

   m. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 25, 2024 as File Number 202404253186916; and

   n. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Indiana on April 26, 2024 as File Number 202404263187343.

3. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA

Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Nurseries, LLC, KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Kansas on September 12, 2005 as File Number 093825207, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 8, 2006 as File Number 094696300;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 22, 2007 as File Number 095538121;

c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 22, 2007 as File Number 095673795;

d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 2, 2008 as File Number 096201941;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 4, 2008 as File Number 096210257;

f. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on April 1, 2010 as File Number 097777975;

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on November 7, 2011 as File Number 098868715;

h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on September 18, 2013 as File Number 100829012;

i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on September 5, 2014 as File Number 102187723;

j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on May 18, 2015 as File Number 103427582;

k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on May 18, 2015 as File Number 103427540;

l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on May 18, 2015 as File Number 103427566;

m. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on June 15, 2015 as File Number 10382286;

n. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108254302;

o. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108254328;

p. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108254287;

q. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108254344;

r. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 7, 2017 as File Number 112636481;

s. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 7, 2017 as File Number 112636465;

t. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on March 17, 2020 as File Number 116880469;

u. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on November 20, 2020 as File Number 117591008;

v. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 5, 2021 as File Number 117920702;

w. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on December 12, 2022 as File Number 119437887; and

x. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on December 12, 2022 as File Number 119437986.

4. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehop [sic] Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Nurseries, LLC, KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Kansas on April 2, 2008 as File Number 096202155, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on November 26, 2012 as File Number 099723497;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on September 18, 2013 as File Number 100829054;

c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on September 5, 2014 as File Number 102187749;

d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255665;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255722;

f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255706;

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255748;

h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255649;

i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108256283;

j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255764;

k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108255681;

l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 7, 2017 as File Number 112636564;

m. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on August 7, 2017 as File Number 112636580;

n. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on November 3, 2017 as File Number 113382166;

o. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on November 3, 2017 as File Number 113382546;

p. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on November 20, 2020 as File Number 117591156;

q. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 6, 2021 as File Number 117924084;

r. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on November 4, 2022 as File Number 119366995;

s. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on November 4, 2022 as File Number 119366979;

t. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on December 12, 2022 as File Number 119438075; and

u. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 26, 2024 as File Number 120558358.

5. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Nurseries, LLC, KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Kansas on May 18, 2005 as File Number 103427889, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108256340;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108256324;

c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on June 30, 2016 as File Number 108256308;

d. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Kansas on November 26, 2019 as File Number 116589995;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on November 20, 2020 as File Number 117591115;

f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on April 5, 2021 as File Number 117920827;

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on December 12, 2022 as File Number 119438463; and

h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Kansas on December 23, 2022 as File Number 119465094.

6. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the Commonwealth of Kentucky on April 26, 2024 as File Number 2024-3310962-52.

7. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Nurseries, LLC, KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Missouri on May 18, 2015 as File Number 1505185436157, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on June 30, 2016 as File Number 1606307302732;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on June 30, 2016 as File Number 1606307302691;

c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on June 30, 2016 as File Number 1606307302661;

d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on March 14, 2017 as File Number 1703148492312;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on March 14, 2017 as File Number 1703148492100;

f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on October 10, 2017 as File Number 1710109464745;

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on January 2, 2019 as File Number 1901022418123;

h. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Missouri on November 26, 2019 as File Number 1911263864817;

i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on June 30, 2020 as File Number 202006300000249073;

j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on November 20, 2020 as File Number 202011200001485001;

k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on April 5, 2021 as File Number 202104050002460477;

l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315364;

m. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315374;

n. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315394;

o. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315596;

p. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315384;

q. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on December 23, 2022 as File Number 20221223003315607; and

r. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Missouri on April 26, 2024 as File Number 20240426000511108.

8. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA, as secured party, and filed with the Office of the Secretary of State for the State of Nevada on August 7, 2017 as File Number 2017021681-4, , as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Nevada on February 16, 2022 as File Number 2022222785-5;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on December 23, 2022 as File Number 2022294601-8;

c. . UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on December 23, 2022 as File Number 2022294602-7;

d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on December 23, 2022 as File Number 2022294608-1;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on December 23, 2022 as File Number 2022293604-5;

f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on December 23, 2022 as File Number 2022294603-6; and

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Nevada on April 29, 2024 as File Number 2024402095-5.

9. UCC-1 Financing Statement naming Anna Evergreen, LLC, Brehob Nurseries, LLC, Colonial Farms, LLC, Colonial Gardens Development LLC, Colonial Gardens, LLC, DCA Land Holding Company, LLC, DCA Land Illinois, LLC, DCA Land Indiana, LLC, DCA Land Kansas, LLC, DCA Land Kentucky, LLC, DCA Land Missouri LLC, DCA Land Oregon, LLC, DCA Outdoor, Inc., KAT Wholesale Outdoor, LLC, PlantRight Supply, LLC, Schwope Brothers Tree Farms, LLC, Schwope Brothers West Coast, LLC, Tory Levi Schwope, Utopian Plants Indiana, LLC, Utopian Transport, LLC, and Utopian Trees, Inc., collectively as debtor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as secured party, and filed with the Office of the Secretary of State for the State of Oregon on January 3, 2019 as File Number 91767429, as amended and continued from time to time pursuant to the following UCC-3 Amendments:

a. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on November 23, 2020 as File Number 91767429-1;

b. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on April 28, 2021 as File Number 91767429-2;

c. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on April 28, 2021 as File Number 91767429-3;

d. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on April 28, 2021 as File Number 91767429-4;

e. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on July 13, 2021 as File Number 91767429-5;

f. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-6;

g. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-7

h. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-8

i. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-9;

j. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-10;

k. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-11;

l. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-12;

m. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-13;

n. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-14;

o. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-15;

p. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-16;

q. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-17;

r. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-18;

s. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-19;

t. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 28, 2022 as File Number 91767429-20;

u. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 29, 2022 as File Number 91767429-21;

v. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 29, 2022 as File Number 91767429-22;

w. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 29, 2022 as File Number 91767429-23;

x. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on December 29, 2022 as File Number 91767429-24;

y. UCC-3 Continuation filed with the Office of the Secretary of State for the State of Oregon on August 25, 2023 as File Number 91767429-25;

z. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on April 26, 2024 as File Number 91767429-26;

aa. UCC-3 Amendment filed with the Office of the Secretary of State for the State of Oregon on April 26, 2024 as File Number 91767429-27.

# EXHIBIT C

## PAYMENT DEFAULTS

A. **Delinquent Principal Payments**

$141,543.34 - Loan Facility C (Due and Delinquent on December 1, 2024);
$10,042.76 - Loan Facility D (Due and Delinquent on December 1, 2024);
$47,708.81 - Loan Facility I (Due and Delinquent on December 1, 2024);
$19,616.81 - Loan Facility J (Due and Delinquent on December 1, 2024);
$7,000,000.00 - Loan Facility K (Due and Delinquent on December 1, 2024);
$7,218,911.72 Total principal past due

B. **Delinquent Interest Payments (exclusive of default interest and charges)**

$454,202.74 - Loan Facility A (Due and Delinquent on December 1, 2024);
$140,475.12 - Loan Facility C (Due and Delinquent on December 1, 2024);
$10,118.36 - Loan Facility D (Due and Delinquent on December 1, 2024);
$107,881.94 - Loan Facility H (Due and Delinquent on December 1, 2024);
$179,186.02 - Loan Facility I (Due and Delinquent on December 1, 2024);
$71,198.52 - Loan Facility J (Due and Delinquent on December 1, 2024);
$64,506.94 - Loan Facility K (Due and Delinquent on December 1, 2024);
$1,027569.64 Total interest past due

C. **Total Delinquent Payments** as of December 31, 2024 **(exclusive of default interest, fees and costs)**

$ 8,266,947.25

**EXHIBIT D**

**LOAN BALANCES**

**Balance of Loans as of December 28, 2024**[1]

| Loan Facility | Number | Principal Balance | Accrued Unpaid Int. |
|---|---|---|---|
| A | 400046-074067 | $54,767,021.01 | $833,679.33 |
| B | 400046-074949 | $0 | $0 |
| C | 400046-077123 | $12,163,426.02 | $189,669.42 |
| D | 851226-077367 | $878,564.26 | $13,671.66 |
| E | 836753-077418 | $1,757,100.31 | $20,687.98 |
| H | 400046-080111 | $5,000,000.00 | $144,062.49 |
| I | 400046-080104 | $8,601,674.30 | $233,971.20 |
| J | 400046-080106 | $3,536,233.63 | $96,187.91 |
| K | 400046-080340 | $7,000,000.00 | $132,270.84 |

[1] Without regard to default interest, charges, fees and costs. Accrued interest calculation as of December 31, 2024.

## EXHIBIT E

## AMENDED MORTGAGES

1. Illinois Open-End Mortgage dated June 4, 2021 by DCA Land Illinois, LLC, as mortgagor, to Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Union County, Illinois on June 11, 2021 as Document Number 2021R1294 (the "Anna Evergreen Union County Mortgage"). Increase indebtedness secured by the Anna Evergreen Union County Mortgage to $5,000,000.00.

2. Trust Deed and Fixture Filing (Open-End Trust Deed) dated July 8, 2021 by DCA Land Oregon, LLC, as grantor, to Fidelity National Title Insurance Company of Oregon, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Washington County, Oregon on July 12, 2021 as Instrument Number 2021-077855 (the "Roy Farm Mortgage"). Increase indebtedness secured by the Roy Farm Mortgage to $3,000,000.00.

3. Indiana Mortgage dated November 30, 2016 by and between DCA Land Indiana, LLC, as mortgagor, and Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as mortgagee, and recorded in the official real property records of Hamilton County, Indiana on December 7, 2016 as Instrument Number 2016064666 (the "Brehob North Mortgage"). Increase indebtedness secured by the Brehob North Mortgage to $4,000.000.00.

4. Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated March 26, 2021 by DCA Land Kansas, LLC, as mortgagor, to Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Johnson County, Kansas on March 29, 2021 as Document Number 20210329-0013498 in Book 202103 at Page 013498; and Mortgage and Security Agreement (With Future Advances Clause) dated December 18, 2014 by Utopian Teres, Inc., as mortgagor, and Frontier Farm Credit, FLCA, as mortgagee, and recorded in the official records of Johnson County, Kansas on December 23, 2014 as Document Number 20141223-0006673 (together, the "Ranchito Farm Mortgage"). Increase the indebtedness secured by the Ranchito Farm Mortgage to $2,000,000.00.

5. Missouri Open-End Deed of Trust dated December 21, 2016 by Tory L Schwope and Beth A Schwope, husband and wife, together as trustor, to and in favor of Tom K. O'Loughlin II, as trustee, for the benefit of Frontier Farm Credit, FLCA and Frontier Farm Credit, PCA, together as lender, and recorded in the official real property records of Jackson County, Missouri on December 29, 2016 as Instrument Number 2016E0123301 (the "Water Treatment Farms Mortgage"). Increase the indebtedness secured by the Ranchito Farm Mortgage to $2,000,000.00.

## EXHIBIT F
## BANK ACCOUNTS

| Account Type | Company | Account Number | ABA/ Routing Number | (i) Bank, (ii) Bank Branch and (iii) Borrowers' Bank Contact Information | Balance as of 12/31/24 |
|---|---|---|---|---|---|
| Operating Checking | KAT Wholesale - NKC & Blue Springs | 032-960385 | | (i) Bank of the West<br>(ii)<br>(iii) | $ |
| Operating Checking | KAT Wholesale - Olathe | 126463731 | | (i) Central Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | SBTF | 26522 | 101201892 | (i) Central Bank of the Midwest<br>(ii)<br>(iii) | $ |
| Operating Checking | Colonial Farms | 344435933 | 101000019 | (i) Commerce Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | Colonial Gardens | 40092381 | 101000019 | (i) Commerce Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | PlantRight Supply | 233096297 | 101000019 | (i) Commerce Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | Brehob | 1401175041 | 74000078 | (i) Huntington Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | Anna Evergreen | 145573246421 | | (i) US Bank<br>(ii)<br>(iii) | $ |
| Operating Checking | Valley Hill Tree Farm | ********3228 | 101000187 | (i) US Bank<br>(ii)<br>(iii) | $ |

# FCSA Schwope Forbearance Agreement

Final Audit Report 2025-01-14

| | |
|---|---|
| Created: | 2025-01-14 |
| By: | Samantha Schwope (samantha.s@colonialgardenskc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7ZRAaa9jIMk_IC1SOpRONVgZr0HvHAE1 |

## "FCSA Schwope Forbearance Agreement" History

Document created by Samantha Schwope (samantha.s@colonialgardenskc.com)
2025-01-14 - 5:47:26 PM GMT

Document emailed to Tory Schwope (tory@dcaoutdoor.com) for signature
2025-01-14 - 5:47:32 PM GMT

Email viewed by Tory Schwope (tory@dcaoutdoor.com)
2025-01-14 - 10:46:41 PM GMT

Document e-signed by Tory Schwope (tory@dcaoutdoor.com)
Signature Date: 2025-01-14 - 10:52:20 PM GMT - Time Source: server

Agreement completed.
2025-01-14 - 10:52:20 PM GMT

Adobe Acrobat Sign