**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re:<br><br>DCA Outdoor, Inc., *et al.*,[1]<br><br>Debtors. | Case No. 25-50053<br>Chapter 11<br><br>Jointly Administered |

**MOTION FOR ORDER AUTHORIZING SALE
OF REAL PROPERTY AND PERSONAL PROPERTY
FREE AND CLEAR OF ENCUMBRANCES**

COME NOW DCA Outdoor, Inc., et al, the Debtors and Debtors-in-possession herein by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., requests the Court, pursuant to 11 U.S.C. § 363(b) and (f), enter its Order authorizing the Debtors to sell approximately 359 acres of real property commonly known as 237 Jones Lane, Springfield, MO 40069 and the other personal property located thereon free clear of all liens, interests and encumbrances. In support of this Motion, the Debtors state the following:

**The Debtors**

1. On February 20, 2025 (the "Petition Date"), lead debtor, DCA Outdoor, Inc., filed its voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and on February 21, 2025, the remaining jointly administered Debtors filed their respective voluntary bankruptcy petitions under chapter 11 of the Bankruptcy Code.
2. Debtors remain in possession of their assets and continue to operate as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

[1] The other Debtors in these Chapter 11 cases are as follows, with the last four digits of their respective EINs: Anna Evergreen, LLC (2226); Brehob Nurseries, LLC (3791); Colonial Farms, LLC (3736); Colonial Gardens Developments, LLC (2413); Colonial Gardens, LLC (9612); DCA Land Holding Company, LLC (4280); DCA Land Illinois, LLC (1397); DCA Land Indiana, LLC (4848); DCA Land Kansas, LLC (8049); DCA Land Kentucky, LLC (4280); DCA Land Missouri, LLC (6728); DCA Land Oregon, LLC (6830); KAT Nurseries, LLC (4682); PlantRight Supply, LLC (3464); Schwope Brothers Tree Farms, LLC (6725); Schwope Brothers West Coast, LLC (2354); Utopian Plants Indiana, LLC (8385); Utopian Transport, LLC (3456); and Utopian Trees, Inc. (3868). The Debtors' corporate headquarters and service address for these Chapter 11 cases is 5609 N Blue Valley Road, Independence, MO 64058.

3. The Debtors consist of 20 different entities that together form a so-called "vertically integrated" nursery operation. The Debtors are generally classified into one of five categories based upon such Debtor's primary function. These five categories include the following:

   a. Management – DCA Outdoor, Inc. (the lead Debtor) ("DCA Outdoor");

   b. Land –

      i. Colonial Gardens Development, LLC ("CGD");

      ii. DCA Land Holding Company, LLC ("DCA Land");

      iii. DCA Land Illinois, LLC ("Land Illinois");

      iv. DCA Land Indiana, LLC ("Land Indiana");

      v. DCA Land Kansas, LLC ("Land Kansas");

      vi. DCA Land Kentucky, LLC ("Land Kentucky")

      vii. DCA Land Missouri, LLC ("Land Missouri"); and

      viii. DCA Land Oregon, LLC ("Land Oregon"; CGD, DCA Land, Land Illinois, Land Indiana, Land Kansas, Land Kentucky, Land Missouri, and Land Oregon are collectively, the "Land Debtors");

   c. Production –

      i. Anna Evergreen, LLC ("AE");

      ii. Schwope Brothers Tree Farms, LLC ("SBTF");

      iii. Schwope Brothers West Coast, LLC ("SBWC");

      iv. Utopian Plants Indiana, LLC ("UPI"); and

      v. Utopian Trees, Inc. (commonly referred to as "Utopian Plants Kansas") ("UPK"; AE, STBF, SBWC, UPI, and UPK are collectively, the "Production Debtors");

   d. Distribution –

      i. Brehob Nurseries, LLC ("Brehob");

      ii. KAT Nurseries, LLC ("KAT");

      iii. PlantRight Supply, LLC ("PRS"); and

iv. Utopian Transport, LLC ("UT"; Brehob, KAT, PRS, and UT are collectively, the "Distribution Debtors"); and

e. Retail –

i. Colonial Farms, LLC ("CF"); and

ii. Colonial Gardens, LLC ("CG"; CF and CG are together, the "Retail Debtors").

4. On September 11, 2025, the Court entered the Stipulated Order Granting, Authorizing, and Approving the Retention and Employment of Brent King as Chief Restructuring Officer of Debtors (Doc. 388).

5. The Chief Restructuring Officer evaluated the business opportunities and ultimately filed a Motion on December 1, 2025 for (A) the Solicitation of Offers for the Sale of Substantially All of Debtor's Assets Free and Clear of Lien (s) interest under 363(f), (B) the Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Unexpired Leases and Related Procedures; and Related Relief (Doc. 474).

6. On December 11, 2025, the Court entered the Agreed Order Approving Procedures for (A) the Solicitation of Offers for the Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests (B) the Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Procedures; and (C) Related Relief (Doc. 487).

7. The Debtor successfully closed some transactions and has continued to the market the various assets.

## Jurisdiction

8. This Court has jurisdiction over this case and Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.

9. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(M) and (O).



4903-9968-0992, v. 2

10. Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

11. The Debtor wishes to sell approximately 359 acres of real property commonly known as 237 Jones Lane, Springfield, MO 40069 and the other personal property located thereon free clear of all liens, interests and encumbrances, for an Aggregate Purchase Price of $3,568,500.00 to Kenton Abrams pursuant to the terms of the Asset Purchase Agreement, which is attached hereto, marked as **Exhibit 1**, and incorporated by reference as if fully set forth herein.

**Sale Shall Be Free and Clear of Liens**

12. Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Bankruptcy Code § 105(a) provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. A sale of assets of a debtor should be authorized pursuant to Bankruptcy Code § 363 if a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper (In re Schipper),* 933 F. 2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1993). The business judgment rule shields a debtor's management from judicial second-guessing. *In re Farmland Industries, Inc.*, 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) ("'[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions.'") (quoting *In re Johns-Manville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)). Once Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.,* 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting

*Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

14. Bankruptcy Code § 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. Bankruptcy Code § 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant Debtors' sale of the property free and clear of all liens, claims, and encumbrances. Each lien, claim or encumbrance attached to the property satisfies at least one of the five conditions of Bankruptcy Code § 363(f), and Debtors submit that any such lien, claim, or encumbrance will be adequately protected by attachment to the net proceeds of the proposed sale, subject to any claims and defenses Debtors or any other party in interest may possess with respect thereto. Accordingly, Debtors request that the real property be transferred to the buyers free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the sale of the real property.

16. A sale free and clear of liens is necessary to maximize the value of the assets. A sale subject to liens would result in a lower purchase price and be of substantially less benefit to the Debtors' estates. A sale free and clear of liens is particularly appropriate under the circumstances because any lien in, to, or against the property that exists immediately prior to the closing of the sales will attach to the sale proceeds with the same validity, priority, force, and effect as it

had at such time, subject to the rights and defenses of the Debtors or any party in interest. Moreover, any holder of a lien that receives notice of the sale and which fails to object to the sale of the assets free and clear of liens should be deemed to consent to the sales, thereby complying with §363(f)(2) of the Bankruptcy Code.

**<u>Good Faith Purchaser Under Bankruptcy Code § 363(m)</u>**

17. Bankruptcy Code § 363 (m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

While the Bankruptcy Code does not define "good faith," the Seventh Circuit in *In the Matter of Andy Frain Services, Inc.,* 798 F.2d 1113 (7th Cir. 1986) held that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

798 F.2d at 1125 (emphasis omitted) (quoting *In re Rock Industries Machinery Corp.,* 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor of section 363(m))). Debtors submit that any agreement reached with the proposed Buyer will be an arm's-length negotiated transaction entitled to the protections of Bankruptcy Code § 363(m) and will adduce evidence of the same, if needed, at the Sale Hearing. *See In re Trism*, 328 F.3d 1003, 1006 (8th Cir. 2003).

WHEREFORE, the Debtors respectfully prays of this Court enter an Order that:

a. Authorizes the Debtors to sell the real and personal property at the Aggregate Gross Price of $3,568,500.00.

b. Orders that the sale of the Assets be free and clear of any and all mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims, and interests, if any;

c. Order that any liens, encumbrances, and other interests attach to the proceeds of the sale;

d. Finds that the purchasers are good faith purchasers of the real property and are entitled to the protections afforded by Section 363(m) of the Bankruptcy Code;

e. Orders that the funds by paid to secured creditor Frontier Farm Credit, FLCA;

f. Alternatively, that this matter be set for hearing; and

g. Grants such other and further relief as the court deems just and proper.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538; MO #52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorney for Debtors*

**NOTICE OF MOTION**

Any response to the motion must be filed within 21 days of the date of this notice, pursuant to Local Rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney, and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing, go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Colin N. Gotham*
Colin N. Gotham